ROBERTSON, Presiding Judge.
After an ore tenus hearing, the trial court found that the employee had suffered a 40% loss of ability to earn and was, therefore, entitled to receive workmen’s compensation benefits. The employer appeals.
The record in pertinent part reveals the following: The employee injured his lower back and right leg in February 1988, by stepping off a company truck. He later underwent several surgeries to correct a herniated disc. In November 1988, the employee was lifting a roll of wire from his company truck when he again injured his lower back, and he underwent further back surgery. The parties have stipulated that the employee’s injuries arose out of and in the course of his employment by the em *352 ployer, and that proper notice was received by the employer.
In January 1989, the employee returned to his previous work as a journeyman lineman. He worked for several days and then bid on a storekeeper job. The employee testified that he worked at the storekeeper’s job approximately six days until he was replaced by someone with higher seniority. The employee testified that he voluntarily asked for the storekeeper’s job to avoid lifting. However, he returned to his job as a journeyman lineman when he had to leave the storekeeper’s job.
The employee’s treating physician released the employee to return to work without restrictions, and he continues to work as a journeyman lineman. However, there is testimony that the employee now requires help with his job duties and experiences pain which he did not have previously. A co-worker testified that the employee can no longer lift heavy objects, and that it hurts him to climb poles and walk in the woods. The co-worker testified that he helps the employee with some of his job duties now. He further stated that it would be difficult on the employee to perform his job as a journeyman lineman without help.
Further, a vocational expert interviewed the employee and testified that the employee was now capable of performing only a limited range of sedentary and light work in an open labor market. Further, he stated that, if the employee were to be required to find alternative employment, he would find that there exists a hiring bias towards persons who have had back surgery, and that the employee now has a 72% loss of earning capacity in an open Alabama labor market.
The dispositive issue on appeal is whether the trial court erred in awarding compensation when the employee’s post-injury earnings equaled or exceeded his earnings at the time of the injury.
The law in this area is well settled. Actual post-injury earnings create a presumption that the employee has an earning capacity commensurate with the earnings. Jim Walter Resources, Inc. v. Hall, 516 So.2d 690 (Ala.Civ.App.1987). However, this presumption may be rebutted by evidence independently showing incapacity or explaining away the post-injury earnings as an unreliable basis for determining earning capacity. Jim Walter Resources. Unreliability of post-injury earnings may be due to numerous factors: increase in general wage levels subsequent to the accident; the employee’s own greater maturity or training; longer hours worked by the employee after the accident; payment of wages disproportionate to capacity out of sympathy to the employee; and the temporary and unpredictable character of post-injury earnings. Jim Walter Resources.
Here, the trial court entered a detailed and comprehensive order which in part is as follows:
“11. In considering the issue of loss of ability to earn, the court has carefully considered the testimony of all parties and witnesses. The court has carefully read case law submitted by both parties in contention of their claims. The court is cognizant of the fact that the [employee] is performing the same type of work that he performed prior to the subject accident and that his post-injury earnings are substantially the same [as] or greater [than] before the accident, and the court has considered the [employer’s] evidence that the [employee] has satisfactorily performed his job post-injury. The court, however, fully credits the testimony given in court by [employee] and the co-employee, Jack Tallent, and the court finds that [the employee] cannot, and does not, perform the full range of his job duties on a sustained basis and must have assistance of co-employees to accomplish all those duties that are expected of him.
“12. The court has carefully considered [employee’s] appearance and demeanor, and considering all of the evidence, the court is convinced that [employee] is a highly motivated individual. The court finds the testimony of the [employee] to be credible, that [employee] is restricted and limited in his physical capacities, and *353 the court concludes and finds that the [employee] is physically limited and worsened because of his accident. Additionally, [employee’s] post-injury ability to earn has been adversely affected by the fact that he would face hiring bias in an open labor market. There is vocational evidence that in an open labor market there exists a hiring bias against job applicants with a history of back injuries.”
After a review of the record, as well as the applicable case law, we find that there is legal evidence to support the trial court’s findings and that a reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
This case is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ„ concur.